IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA GONCALVES, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-3476 |
| | : | |
| MUNICIPALITY OF EXETER | : | |
| TOWNSHIP BERKS COUNTY, *et al.*, | : | |
|     Defendants. | : | |

<u>**MEMORANDUM**</u>

**LEESON, J.**                                                                                                                                          **AUGUST 13, 2025**

      *Pro Se* Plaintiff Barbara Goncalves brings this civil action pursuant to 42 U.S.C. § 1983, naming as Defendants the Municipality of Exeter Township and Police Officer Darrin Gartner. She also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Goncalves's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and dismiss her Complaint (ECF No. 2) on statutory screening pursuant to 28 U.S.C. § 1915.

**I.    FACTUAL ALLEGATIONS**[1]

      Goncalves states that on July 4, 2023, she went to a Target store in Reading, carrying a towel, her car keys, and her wallet. (Compl. at 4.) After selecting the items that she intended to purchase and placing them in a shopping cart, she went to the self-checkout register and began scanning the items. (*Id.*) "[A] store manager approached her so very close it made her nervous and [the manager] told her that she was not scanning the items correctly." (*Id.*) She "asked the

---

[1] The facts set forth in this Memorandum are taken from Goncalves's Complaint (ECF No. 2). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system. Additionally, the Court includes facts reflected in publicly available state court records, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

manager to stand back" and told the manager that "if she missed scanning any item, [the manager] could simply accuse her of stealing . . . if she were to exit the store with unpaid items." (*Id.*) "[The] store manager got angry at [Goncalves] and asked her to leave, [Goncalves] said 'ok' and attempted to grab her keys and wallet from the shopping cart but was stopped by [the] store manager, who pulled the cart away from her." (*Id.* at 5-6.) Goncalves "ask[ed the] store manager to stop harassing [her,] because she needed her keys and wallet. (*Id.* at 6.) Goncalves "was then attacked from behind" by a Target security guard, who put her "in a sumo wrestling position" until the manager told the security guard to let her go. (*Id.*) Goncalves eventually retrieved her keys, wallet, and towel from the shopping cart and left the store. (*Id.*)

Goncalves went to her car and "immediately called 911 to report the attack and that the store staff tried to steal her belongings." (*Id.*) "In the meantime, Target staff also called 911 . . . and reported that [Goncalves] had harassed them." (*Id.*) Goncalves asserts that Target staff "never reported any theft, robbery and no retail theft whatsoever just harassment." (*Id.*) Police arrived, viewed the security footage with Target staff, and then Defendant Officer Darrin Gartner arrested Goncalves. (*Id.* at 7.) She states that she "was incarcerated for several days until she was finally released on secured bond." (*Id.*)

Goncalves alleges that the "police officers charged her with crimes that she had never committed: [r]etail theft, robbery and harassment." (*Id.* at 8.) She states that she agreed a plea deal with he district attorney whereby she pleaded guilty "to a lesser charge of harassment only and a $25 fine." (*Id.* at 9.) Goncalves asserts that "Target staff called 911 for harassment only not theft," and that "Target apologized to [her] privately" and "came to a confidential agreement" with her. (*Id.*) Public court dockets show that Goncalves was charged with and

2

pleaded guilty to one count of harassment in violation of 18 Pa. Cons. Stat. § 2709(a)(1).  *See Commonwealth v. Goncalves*, No. CP-06-CR-2451-2023 (C.P. Berks).

Goncalves asserts that the Exeter Township Police Department and Officer Gartner discriminated against her and subjected her to false arrest and false imprisonment in violation of state and federal law.  (*See id.* at 11-13.)  She alleges emotional, physical, and financial injuries, and seeks damages and injunctive relief.  (*See id.* at 13-14.)

## II.     STANDARD OF REVIEW

The Court will grant Goncalves leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Goncalves's Complaint if it fails to state a claim.  The Court applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), that is, whether a complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in the Plaintiff's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim."  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *See Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue.").

As Goncalves is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

### III.   DISCUSSION

Goncalves asserts constitutional claims against the Defendants.[2] The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

"[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a

---

[2]  Goncalves makes references to Title VI of the Civil Rights Act of 1964 ("Title VI") and to the Pennsylvania Human Relations Act ("PHRA"). (Compl. at 2, 12.) However, she pleads no facts in support of any claims under Title VI or the PHRA, and mentioning those statutes once is not sufficient to present any claim to relief. *See Campbell v. LVNV Finding, LLC and Resurgent Capital Servs.*, No. 21-5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (stating that a "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other") (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)). She also cites to a Pennsylvania criminal statute (*see* Compl. at 13), but criminal statutes generally do not give rise to a basis for civil liability. *See Brown v. City of Philadelphia Off. of Human Res.*, 735 F. App' x 55, 56 (3d Cir. 2018) (*per curiam*); *Strunk v. Wells Fargo Bank, N.A.*, 614 F. App' x 586, 589 n.4 (3d Cir. 2015) (*per curiam*) (noting that criminal statutes generally do not provide a private cause of action). And because Goncalves repeatedly and specifically alleges "false arrest" and "false imprisonment" throughout her Complaint, the Court does not understand her to assert a claim for malicious prosecution.

4

conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).  "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck* 512 U.S. at 487.  This is so whether the claim is asserted against an individual defendant or a municipality. *See Munchinski v. Solomon,* Nos. 06–4093, 07–1345, 2007 WL 3121331, at *2 (3d Cir. Oct. 26, 2007) (holding that *Heck* bars consideration of municipal liability claims "to the extent they rely on the invalidity of [the plaintiff's] conviction"); *Crawford v. Van Buren Cnty., Ark.,* 678 F.3d 666, 669-70 (8th Cir. 2012) (barring claims against municipality pursuant to *Heck*)*; Lynch v. Suffolk Cnty. Police Dep't,* 348 F. App'x. 672, 675 (2d Cir.2009) (holding that, where *Monell* claim was "derivative" of claims against individuals, and those claims were barred under *Heck, Monell* claim was also barred).

      False arrest and related false imprisonment claims are not categorically barred by *Heck*. *See Olick v. Pennsylvania*, 739 F. App'x 722, 726 (3d Cir. 2018) (*per curiam*) (explaining that *Heck* "does not automatically bar" claims for false arrest and false imprisonment).  However,

"there are circumstances in which *Heck* may bar such claims." *Id.* These are such circumstances. Goncalves makes clear that Target staff contacted the police "and reported that [Goncalves] had harassed them," emphasizing that "Target staff called 911 for harassment only." (Compl. at 6, 9.) She states that the police officers who arrested her charged her with retail theft, robbery, and harassment, which she asserts "she had never committed." (*Id.* at 8.) She alleges that the district attorney allowed her to plead guilty to harassment and dropped the other charges, and that she accepted that offer and pleaded guilty. (*Id.* at 9.) Public court records reflect her guilty plea to harassment and conviction for that offense. *See Goncalves*, No. CP-06-CR-0002451-2023.

"False arrest and false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee.'" *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quoting *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016)). But as explained above, "to prevail on [her] false arrest and false imprisonment claims, [a plaintiff must] do so in a way that respected the validity of [her] extant harassment conviction." *Olick*, 739 F. App'x 726. Goncalves does not do that; she protests that she never committed any offense, and that the police lacked probable cause to arrest her. (*See e.g.*, Compl. at 13 "There was no probable cause that Plaintiff committed a crime.").) Such a conclusion would undermine the validity of her guilty plea and, in turn, her conviction. Accordingly, Goncalves's claim is barred.

IV.     **CONCLUSION**

For the foregoing reasons, the Court will grant Goncalves leave to proceed in forma pauperis and dismiss her Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915. She will not be granted leave to amend, because any attempt at amendment in this action would

be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). However, the dismissal will be entered without prejudice to Goncalves's filing a new civil rights complaint **only in the event** that her conviction is reversed, vacated, or otherwise invalidated. *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (*Heck*-barred claims must be dismissed without prejudice). An order follows.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR., J.**